SUGG, Justice,
for the Court:
Warren Brown was dismissed from the Meridian Police Department by the City Manager because Brown maintained his residence outside the corporate limits of the City in violation of a resolution adopted by the City Council on January 2, 1957 which required all employees of the Police and Fire Departments to maintain their residences within the corporate limits of the City of Meridian.[1] Brown was granted a hearing by the Board of Civil Service Commission of the City which sustained his dismissal. The Circuit Court of Lauderdale County affirmed the action of the Commission.
Meridian operates under the Council-Manager plan of government as authorized by sections 21-9-1 through 21-9-83 Mississippi Code Annotated (Supp.1978). Section 21-9-51 provides:
Every resolution or ordinance passed by the council, except as herein provided, shall be certified by the city clerk, approved by the mayor or a majority of all the members of the council, published or posted as now required by law or the charter of such city, and recorded in the ordinance book, before the same shall be in force. However, any ordinance for the immediate and temporary preservation of the public peace, health or safety, which contains a statement of the reasons for its urgency and is passed by a vote of at least a majority of the members of the council, plus one, shall be in effect from and after its passage and approval by the council.
The resolution was not in force at the time Brown was dismissed because it had not been published and recorded in the ordi *1356 nance book of the City as required by section 21-9-51; therefore, Brown’s dismissal for violation of the resolution was without cause.
We reverse and remand to the Board of Civil Service Commission of the City of Meridian with directions to reinstate Brown as a member of the Police Department.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Municipalities may require its employees to reside within the corporate limits. Hattiesburg Firefighters Local 184 v. City of Hattiesburg, 263 So.2d 767 (Miss.1972).